UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 1:04-cv-1787-RLY-TAB |
| vs. | ) ) | |
| MICHAEL B. SMITH, ESTHER E. COFFIN, GWEN A. CALLAHAN, WANDA K. OWENS and DIANA L. VAN HOOSEL, | ) ) ) ) | |
| Defendants. | ) ) | |
| WANDA K. OWENS, ESTHER E. COFFIN, GWEN A. CALLAHAN and DIANA L. VAN HOOSEL, | ) ) ) ) | |
| Counter-Claim/Cross-Claim Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and MICHAEL B. SMITH, | ) ) ) ) | |
| Counterclaim-Claim/Cross-Claim Defendants. | ) ) ) | |
| AMEX ASSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| MICHAEL B. SMITH, WANDA OWENS, GWEN CALLAHAN, ESTHER COFFIN, DIANA L. VAN HOOSEL, DON SPILMON, CARROLL SPILMON and the ESTATE OF LINDA L. SMITH, | ) ) ) ) ) ) | Formerly 1:05-cv-0868-SEB-VSS |
| Defendants. | ) | |

## ENTRY ON SUMMARY JUDGMENT MOTIONS

Linda L. Smith died on November 9, 2003. Her husband, Michael B. Smith, called 911 at approximately 3:00 a.m. indicating he found his wife floating face down in a hot tub on the couple's property in Brown County, Indiana. At the request of the Brown County Coronor, an autopsy was conducted in Indianapolis, Indiana by forensic pathologist, Dr. Dean A. Hawley. Dr. Hawley determined that the cause of death was not drowning because there was no swallowed water, no aspirated water in the lungs, no skin wrinkling and the body was not wet. Instead, he opined, the condition of the body, including the locations of contusions, abrasions and a blunt force injury, was consistent with strangulation. Dr. Hawley concluded that Ms. Smith was the victim of a homicide.

Detective Steve Brahaum of the Brown County Sheriff's Department participated in the investigation of Linda Smith's death. Through his sworn affidavit he indicates that the case remains open and Michael Smith remains a suspect because, among other things, the investigation revealed a lack of evidence of anyone else at the scene.[1]

There were a number of life insurance policies covering the life of Linda Smith. Connecticut General Life Insurance Company ("CGLI") and Amex Assurance Company

---

[1] Since the completion of briefing on the summary judgment motions and subsequent to the court completing a draft of this entry, Michael Smith has been charged with the murder of his wife and is awaiting trial. This new fact causes no change in the reasoning and analysis employed in this decision and, because in the briefing and supporting affidavits the parties referred to Smith as a suspect, the court has continued to refer to Smith as a suspect as well.

("AMEX") are two of the insurers who have life insurance policies in effect on the life of Linda Smith. The CGLI policy pays a benefit of $33,000.00 and the AMEX policy has a benefit of $200,000.00. Ordinarily, pursuant to the policies and her own beneficiary designations, those benefits would be paid to her surviving spouse, Michael Smith. However, he remains a murder suspect and Indiana law does not allow a person who kills another to benefit from that act through acquisition of property by inheritance or as a beneficiary of a life insurance policy; instead, that person is said to hold the property in a constructive trust for the benefit of others in the line of dissent and distribution. IND. CODE § 29-1-2-12.1, *see also, Estate of Chiesi v. First Citizens Bank, N.A.*, 613 N.E.2d 14 (Ind. 1993).

With Michael Smith a suspect in the investigation of the murder of his wife, CGLI and AMEX filed interpleader actions in this court. They named as Defendants, Michael Smith and Linda Smith's brothers and sisters, who would be the next persons in the line of distribution. Amex also named the Estate of Linda Smith. The brothers and sisters have filed crossclaims against Michael Smith in each of the interpleader actions, alleging he intentionally killed their sister. Those actions have been consolidated, each insurer has paid the policy proceeds to the clerk of this court and this matter is now a civil case to determine if, by a preponderance of the evidence, Michael Smith caused the death of Linda Smith. IND. CODE § 29-1-2-12.1. The resolution of that issue will determine, ultimately, how the proceeds of the two insurance policies are distributed.

Michael Smith has filed two summary judgment motions, each contending that he is entitled to the proceeds of the applicable insurance policy. With those motions he submits, as support, his affidavit stating that he is not responsible for his wife's death. In response, the brothers and sisters have submitted affidavits of the three sisters as well as affidavits from Dr. Hawley and Detective Brahaum. They also submit the deposition testimony of Michael Smith, which for the most part consists of a series of relevant questions followed by Mr. Smith refusing to answer and claiming his Fifth Amendment privilege against self incrimination. The siblings contend that Michael Smith is not entitled to summary judgment and, in fact, argue in their brief that they are entitled to summary judgment in their favor.[2] In reply, Michael Smith challenges the affidavits of the three sisters and Detective Brahaum, claiming that they are "replete with testimony which, if offered at trial, would not be admitted into evidence." Without the support of those affidavits, Michael Smith argues that the sisters and brothers have failed to carry their burden of establishing by a preponderance of the evidence that he killed his wife.

---

[2]The response brief filed by the brothers and sisters states that it is also a brief in support of their own motion for summary judgment. The record reflects that no independent motion for summary judgment has been filed by them. The Local Rules require a separate motion and brief if it is a party's intention to seek summary judgment. Local Rule 7.1. Since there is no summary judgment motion on file, other than those filed by Michael Smith, the court need not address the issue of whether the siblings would be entitled to summary judgment in their favor. However, the court's discussion and decision relative to Mr. Smith's motion should give some guidance to the siblings with respect to whether or not it would be worthwhile to independently file such a motion on the record as it exists now.

Mr. Smith is correct with respect to his criticism of the affidavits of the three sisters. The affidavits are, for the most part, pure conjecture and hearsay or irrelevant. For example, Wanda Owens provides an affidavit, which is clearly intended to portray Michael Smith as a controlling, unfeeling and abusive spouse. However, the only portion of the affidavit which is based on personal knowledge is the portion regarding the assistance Ms. Owens gave her sister following the automobile accident Linda Smith had while driving in an intoxicated state. The affidavit of Diana Van Hoosel is entirely hearsay and Esther Coffin's affidavit contains hearsay, opinion, supposition and irrelevant statements. However, the one page exhibit attached to Esther's affidavit, which is a copy of a memo signed by Michael Smith and sent to her, is admissible.

Mr. Smith is also correct with respect to some, but not all, of the affidavit testimony of Detective Brahaum. Mr. Brahaum is certainly qualified to testify that there is an ongoing investigation and to outline the reasons why that investigation remains ongoing. The paragraphs describing the results of his investigation, if offered for the truth of the facts he claims to have uncovered from other sources, may not be admissible. However, to the extent his affidavit provides a recounting of statements made by Michael Smith, those statements would be admissible to the extent they conflict with other statements Mr. Smith has given or run contrary to other evidentiary inferences he has sought to employ.

Mr. Smith has not challenged the affidavit of Dr. Hawley or the official autopsy

report attached as an exhibit to Dr. Hawley's affidavit. The conclusion of Dr. Hawley that Linda Smith was murdered, along with the medical findings that conflict with Mr. Smith's report of how he found his wife face down in the hot tub, are sufficient on their own to create a question of fact as to whether or not Mr. Smith was responsible for the death of his wife. This is especially true when you add the fact that law enforcement has discovered no evidence of other people having been at the scene and, at deposition, Mr. Smith continually refused to answer relevant questions pertaining to his actions the night of Linda Smith's death.

Mr. Smith's invocation of the Fifth Amendment in connection with his deposition in a civil suit, may be used to draw an inference adverse to his position in the civil litigation. *National Acceptance Co. of America v. Bathalter*, 705 F.2d 924, 930-931 (7th Cir. 1983). "The rule that adverse inferences may be drawn from Fifth Amendment silence in civil proceedings has been widely recognized by the circuit courts of appeals." *LaSalle Bank Lake View* v. *Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(citing *Daniels v. Pipefitters' Ass'n Local Union No. 597*, 983 F.2d 800, 801-02 (7th Cir. 1993); *National Acceptance*, 705 F.2d at 929-932; *Koester v. American Republic Investments, Inc.*, 11 F.3d 818, 823-24 (8th Cir. 1993); *RAD Services, Inc. v. Aetna Casualty & Surety Co.*, 808 F.2d 271, 274-75, 277 (3d Cir. 1986); *Brink's, Inc. v. City of New York*, 717 F.2d 700 (2d Cir. 1983); *Hoover v. Knight*, 678 F.2d 578, 581-82 (5th Cir. 1982); *United States v. White*, 589 F.2d 1283, 1286-87 (5th Cir. 1979)). Such an inference may certainly be

drawn here and Mr. Smith is faced with a very material question of fact which precludes the court from issuing a summary judgment.

For the reasons discussed above, Michael Smith's Motion for Summary Judgment Against Connecticut General Life Insurance Co., et al., and Motion for Summary Judgment Against AMEX Assurance Company, et al., are DENIED.

**IT IS SO ORDERED, this 29th day of March 2006.**

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

**Electronic Copies to:**
Thomas Michael Barr
THOMAS M. BARR & ASSOCIATES
barrlaw@sbcglobal.net

Don David Ezell Jr.
dezell@ezell-law.com

David Christopher Grupenhoff
THOMAS M. BARR & ASSOCIATES
dcgrupenhoff@sbcglobal.net

Renee J. Mortimer
HINSHAW & CULBERTSON
rmortimer@hinshawlaw.com

Daniel Keenan Ryan
HINSHAW & CULBERTSON

dryan@hinshawlaw.com

Adam L. Saper
HINSHAW & CULBERTSON LLP
asaper@hinshawlaw.com

John F. Townsend III
TOWNSEND & MONTROSS
townsendmontross@aol.com