UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY,<br>    Plaintiff, | )<br>)<br>)<br>) |
| vs. | )   1:04-cv-1787-RLY-TAB |
| MICHAEL SMITH,<br>ESTHER E. COFFIN,<br>GWEN A. CALLAHAN,<br>WANDA K. OWENS, and<br>DIANA L. VAN HOOSER,<br>    Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>) |
| WANDA K. OWENS,<br>ESTHER E. COFFIN,<br>GWEN A. CALLAHAN, and<br>DIANA L. VAN HOOSER,<br>    Counter-claim/Cross-claim Plaintiffs, | )<br>)<br>)<br>)<br>) |
| vs. | ) |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and MICHAEL B. SMITH,<br>    Counter-claim/Cross-claim Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>) |
| AMEX ASSURANCE COMPANY,<br>    Plaintiff, | )<br>)<br>) |
| vs. | ) |
| MICHAEL B. SMITH,<br>WANDA OWENS, | )<br>) |

1

| | |
|---|---|
| GWEN CALLAHAN, | ) |
| ESTHER COFFIN, | ) |
| DIANA VAN HOOSER, | ) |
| DON SPILMON, | ) |
| CARROL SPILMON, and | ) |
| THE ESTATE OF LINDA L. SMITH, | ) |
| Defendants. | ) |

**ORDER ON WANDA OWENS, ESTHER COFFIN, GWEN CALLAHAN, DIANA VAN HOOSER, DON SPILMON, CARROLL SPILMON AND THE ESTATE OF LINDA L. SMITH'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the court on the motion for summary judgment filed by Defendants Wanda Owens ("Owens"), Esther Coffin ("Coffin"), Gwen Callahan ("Callahan"), Diana Van Hooser ("Van Hooser"), Don Spilmon ("D. Spilmon"), Carroll Spilmon ("C. Spilmon"), and the Estate of Linda L. Smith ("Estate") (collectively "Defendants").[1]  Plaintiff Connecticut General Life Insurance Company ("Connecticut Life") filed the present interpleader action pursuant to 28 U.S.C. § 1335 to determine to whom it was to distribute life insurance proceeds from the life insurance policy on Linda L. Smith ("Decedent").  Plaintiff Amex Assurance Company ("Amex") filed a similar interpleader action regarding another life insurance policy on Decedent pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335, which was consolidated with the present action on July 22, 2005.

Under the Connecticut Life policy, Decedent designated her husband, Michael B. Smith ("Michael Smith"), as the sole primary beneficiary and her sisters, Owens, Coffin,

---

[1] Owens, Coffin, Callahan, and Van Hooser are Decedent's sisters.  D. Spilmon and C. Spilmon are Decedent's brothers.

Callahan, and Van Hooser, as equal contingent beneficiaries. (Connecticut Life Complaint ¶ 7). No beneficiaries were listed for Decedent's Amex policy, but the policy provided that in the absence of a designated beneficiary, proceeds would be distributed first to the spouse, then to any children if there were no surviving spouse, and finally to the estate in the absence of a surviving spouse or children. (Amex Complaint ¶ 8).

Decedent died on November 9, 2003, survived only by her husband and her siblings. Shortly after her death, officials suspected her husband, Michael Smith, of murdering Decedent. Recognizing this, both Connecticut Life and Amex filed their respective interpleader actions to determine how Decedent's life insurance proceeds should be distributed. The court dismissed Amex from case on August 12, 2005, and Connecticut Life on September 30, 2005, after each deposited with the court their respective insurance proceeds from Decedent's policies. Defendants filed their unopposed motion for summary judgment on October 6, 2006, seeking judgment that Michael Smith was not entitled to any of Decedent's insurance proceeds.

On August 21, 2006, a jury in Brown County, Indiana, convicted Michael Smith of Decedent's murder. A Judgment of Conviction was entered on August 24, 2006, accepting the jury's verdict. Michael Smith was sentenced to fifty-five (55) years imprisonment in the Indiana Department of Corrections on November 20, 2006.

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The Indiana Probate Code sets forth:

> A person is a constructive trustee of any property that is acquired by the person or that the person is otherwise entitled to receive as a result of an individual's death, including property from a trust, if that person has been found guilty, or guilty but mentally ill, of murder, causing suicide, or voluntary manslaughter, because of the individual's death. *A judgment of conviction is conclusive in a subsequent civil action to have the person declared a constructive trustee.*

IND. CODE § 29-1-2-12.1(a) (emphasis added). Further: "If a constructive trust is established under this section, the property that is subject to the trust may be used only to benefit those persons, other than the constructive trustee, legally entitled to the property, determined as if the constructive trustee had died immediately before the decedent." IND. CODE § 29-1-2-12.1(c).

There is no evidence that Decedent left a will. Thus, her estate would be distributed through the laws of intestate succession. Indiana law provides that in the absence of a surviving spouse, issue, or parents, the estate is distributed equally to the brothers and sisters of the deceased. IND. CODE 29-1-2-1(d)(3).

In this case, no genuine issue of material fact exists. A Judgment of Conviction was entered against Michael Smith for the murder of Decedent. Thus, under Indiana Code Section 29-1-2-12.1(a) he is a constructive trustee of Decedent's life insurance proceeds. Pursuant to Indiana Code Section 29-1-2-12.1(c), the life insurance proceeds may only be used to benefit those persons legally entitled to the proceeds, except for the constructive trustee, Michael Smith.

With respect to the Connecticut Life policy, those individuals legally entitled to the proceeds, besides Michael Smith, are Decedent's sisters, Owens, Coffin, Callahan,

and Van Hooser as the equal contingent beneficiaries.  With respect to the Amex policy, Decedent's estate is legally entitled to the proceeds.  Because it is undisputed that Decedent's parents are deceased and that she has no children, the heirs of Decedent's estate under the Indiana law of intestate succession would be her siblings, Owens, Coffin, Callahan, Van Hooser, D. Spilmon, and C. Spilmon.  Therefore, Michael Smith is not entitled to the proceeds of either the Connecticut Life or Amex life insurance policy.  Defendants' motion for summary judgment (Docket # 104) is **GRANTED** in its entirety.

The court further orders, in accordance with the reasoning set forth above, that the clerk of the court distribute the proceeds of the Connecticut Life policy equally to Wanda Owens, Esther Coffin, Gwen Callahan, and Diana Van Hooser and the proceeds of the Amex policy to Decedent's Estate, to be distributed equally among her heirs, Wanda Owens, Esther Coffin, Gwen Callahan, Diana Van Hooser, Don Spilmon, and Carroll Spilmon.

**SO ORDERED** this 14th day of March 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Don David Ezell Jr.
dezell@ezell-law.com

Renee J. Mortimer
HINSHAW & CULBERTSON
rmortimer@hinshawlaw.com

Daniel Keenan Ryan
HINSHAW & CULBERTSON
dryan@hinshawlaw.com

Adam L. Saper
HINSHAW & CULBERTSON LLP
asaper@hinshawlaw.com

John F. Townsend III
TOWNSEND & MONTROSS
townsendmontross@aol.com